

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00290-CV

_____

### IN THE INTEREST OF A.J.H. AKA A.H., M.R.H.
### AKA M.H. AND I.E., CHILDREN

On Appeal from the 106th District Court
Garza County, Texas
Trial Court No. 13-03-06755; Honorable James L. Rex, Presiding

December 8, 2014

## MEMORANDUM OPINION

### Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

This is an accelerated appeal wherein Appellant, Kimberly, appeals the trial court's order terminating her parental rights to A.J.H. aka A.H., M.R.H. aka M.H. and I.E.[1] Kimberly asserts (1) the evidence is legally and factually insufficient to terminate her parental rights because she completed the actions necessary to achieve permanency pursuant to the Department's requirements and (2) the trial court erred in

---

[1] To protect the parents' and children's privacy, we refer to Kimberly and the children's fathers by their first names and other interested parties by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West Supp. 2014). *See also* TEX. R. APP. P. 9.8(b). In addition, throughout the remainder of this memorandum opinion, provisions of the Texas Family Code will be cited as "section ___" and "§ ___." The Department of Family and Protective Services will be referred to as "Department."

allowing Dr. Brenda Wilbanks to testify as to the recommendations in her report because such testimony went beyond the scope of the purposes for which she was retained by the Department and was substantially more prejudicial than probative. We affirm.

BACKGROUND

In September 2007, the children were removed due to neglectful supervision by Kimberly. A.J.H. and M.R.H. were placed with their grandparents, and I.E. was placed in a foster home. After an adversary hearing, the trial court found there was sufficient evidence of a continuing danger to the children's physical health or safety and remaining in the home was contrary to their welfare. A service plan was initiated with the agreement of the children's parents and the trial court ordered compliance. The grandparents of A.J.H. and M.R.H. intervened seeking Kimberly's termination and the children's adoption.[2] Both fathers voluntarily relinquished their parental rights.[3] In July 2014, a five day jury trial was held. At its conclusion, the jury terminated Kimberly's parental rights to all of the children.

In its *Order of Termination*, the trial court found by clear and convincing evidence that termination of the parent-child relationship between Kimberly and the children was in the children's best interest and that Kimberly had knowingly placed or knowingly allowed the children to remain in conditions or surroundings which endangered their physical or emotional well-being, § 161.001(1)(D), engaged in conduct or knowingly

---

[2] I.E.'s foster parents also intend to adopt.

[3] Johnny fathered A.J.H. and I.E. John fathered M.R.H.

2

placed the children with persons who engaged in conduct that endangered their physical and emotional well-being, § 161.001(1)(E), and failed to comply with the provisions of the trial court's order that specifically established the actions necessary for her to obtain the return of the children who had been in the permanent or temporary managing conservatorship of the Department for not less than nine months as a result of their removal for abuse or neglect. § 161.001(1)(O). This appeal followed.

DISCUSSION

Kimberly contends the evidence is insufficient to establish that she violated section 161.001(1)(O) by failing to comply with the terms of her service plan. She asserts that, because she completed the requirements of the service plan necessary to achieve permanency, her parental rights should not have been terminated.[4] She also contends the trial court erred in allowing Dr. Wilbanks to testify to her report's recommendations because her testimony was outside the purview or purpose for which she was retained by the Department and was substantially more prejudicial than probative. We disagree.

ISSUE ONE—COMPLETION OF ACTIONS NECESSARY FOR REUNIFICATION

Only one statutory ground is required to terminate parental rights under section 161.001. *See In re S.F.,* 32 S.W.3d 318, 320 (Tex. App.—San Antonio 2000, no pet.). Because Kimberly did not appeal the trial court's determination to terminate her parental

---

[4] In her brief, Kimberly concedes the Department had sufficient grounds for the children's removal and does not contest whether there is clear and convincing evidence that termination is in the children's best interest.

rights under §§ 161.001(1)(D) and (E), the trial court's *Order of Termination* is sustainable even assuming she complied with the service plan.

That said, however, in the interest of fairness and having reviewed the entire record, we find there is both legally and factually sufficient evidence supporting the termination of her parental rights under §§ 161.001(1)(D), (E) and (O).  The evidence at trial indicated that, although Kimberly completed most of the recommended services, she had not implemented many of them in her day-to-day life, she was not truthful with psychologists and counselors, she had not adequately addressed issues related to her diagnosis of Borderline Personality Disorder[5] and she continued to engage in pre-termination patterns of conduct and behavior that originally caused the removal of her children.  Accordingly, issue one is overruled.

ISSUE TWO—ERROR IN THE ADMISSION OF TESTIMONY

At trial, Kimberly's attorney objected to Dr. Wilbanks's testimony regarding any recommendations she made in her report such as whether Kimberly was ready for reunification with her children.[6]  She asserted such testimony went beyond the purposes for which Dr. Wilbanks was retained by the Department.

Jurors are the sole judges of the credibility of the witnesses and the weight to give their testimony.  *See City of Keller v. Wilson,* 168 S.W.3d 802, 819 (Tex. 2005)

---

[5] Because Kimberly was not truthful with service providers and did not undergo a psychiatric evaluation as recommended, there is no assurance MHMR's diagnosis fully describes the extent of her mental issues.

[6] Dr. Wilbanks testified she conducted a bonding assessment and counseled Kimberly in connection with her participation in a therapeutic women's group intended to help women become independent and learn to be protective of their children.  The group addressed domestic violence, assertiveness and the need for stability in the home.

4

(Jurors "may choose to believe one witness and disbelieve another."). If anything, whether Dr. Wilbanks testified to matters beyond the scope of her retention would go to the weight of her testimony—a matter for the jury to decide, not this Court. *Id.* ("Reviewing courts cannot impose their own opinions to the contrary."). In addition, having considered her testimony regarding her expert qualifications, retention by the Department and observations of Kimberly during the bonding assessment and interactions during therapy, we fail to see how her trial testimony went beyond the purposes for which she was retained by the Department.

Because Kimberly's attorney did not assert at trial that Dr. Wilbanks's testimony was substantially more prejudicial than probative, this assertion was waived on appeal. To preserve error on appeal, a party must make a timely, specific objection or motion to the trial court that states the grounds for the ruling sought with sufficient specificity to make the ground apparent to the trial court and that complies with the rules of evidence and procedure. *See* TEX. R. APP. P. 33.1(a); *Marine Transport Corp. v. Methodist Hospital,* 221 S.W.3d 138 n.3 (Tex. App.—Houston [1st Dist.] 2006, no pet.). Accordingly, the trial court did not abuse its discretion by allowing the contested testimony. We overrule issue two.

CONCLUSION

The trial court's order is affirmed.

Patrick A. Pirtle
Justice

5